**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| DWIGHT ALEXANDER | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV01535 SWW |
| BAYVIEW LOAN SERVICING, LLC | * | |
| | * | |
| Defendant | * | |

**ORDER**

Plaintiff Dwight Alexander ("Alexander") brings this action for breach of contract and unfair business practices against Bayview Loan Servicing, LLC ("Bayview"). Before the Court are: (1) Alexander's motion to consolidate (docket entry #3); (2) Alexander's motion for alternative dispute resolution (docket entry #4); (3) Bayview's motion to dismiss (docket entry #5) and Alexander's responses in opposition (docket entries #8, #9); and (4) Alexander's motion for leave to amend (docket entries #11, #14), Bayview's response in opposition (docket entry #12), and Alexander's reply (docket entry #13). After careful consideration, and for reasons that follow, each motion will be denied.

**Complaint Allegations**

The following facts are taken from the complaint. In June 2003, Alexander executed a mortgage ("the Mortgage") that covers multiple parcels of real property. In November 2004, one of the mortgaged parcels was donated to the Outreach for Christ Ministries, and in

November 2005, another mortgaged parcel was sold to the Little Rock Municipal Airport. In December 2005, the Mortgage was assigned to Defendant Bayview. Alexander alleges that Bayview knew that two of the mortgaged parcels had been transferred but nevertheless continued to charge him for insurance related to the transferred property.

Alexander sues Bayview for breach of contract, unfair business practices, intentional infliction of emotional distress, and violation of the Fair Debt Collection Practices Act, seeking return of "all monies collected under the breached contract, a total of . . . $181,551.72," plus $300,000 in punitive damages.

### Plaintiff's Motion to Consolidate

Before Alexander commenced this lawsuit, he filed a separate action in state court, naming Bayview, the Martin Family Trust, and Mickel Law Firm, PA as defendants. *See Alexander v. Martin Family Trust*, No. 60CV-10-3995 (Cir. Ct. Pulaski County, Ark. 5th Div.). Alexander moves pursuant to Rule 42 of the Federal Rules of Civil Procedure to consolidate the state court action with this case. Rule 42 permits consolidation of separate actions that are pending in this federal court, but the Court has no authority to consolidate a case commenced in state court with an action pending in this federal court. The motion is denied.

### Plaintiff's Motion to Assign Magistrate for Alternative Dispute Resolution

Alexander requests that a United States Magistrate be appointed to "initiate and oversee the settlement conference process of ADR." Docket entry #4. Alexander does not state that Bayview also desires a settlement conference. Accordingly, Plaintiff's motion is denied.

### Defendant's Motion to Dismiss

Bayview asserts that in light of the aforementioned proceeding in state court, the Court should abstain from accepting jurisdiction in this case. According to the Pulaski County Clerk's Office by judgment entered November 18, 2010, the state court dismissed *Alexander v. Martin Family Trust*, No. 60CV-10-3995 (Cir. Ct. Pulaski County, Ark. 5th Div.) without prejudice. Accordingly, Bayview's motion will be denied as moot.

### Plaintiff's Motion to Amend

Alexander seeks leave to amend his complaint to join claims against additional defendants: Great American Assurance Company and American Financial Group.[1] In his modified, proposed amended complaint, Alexander alleges that Great American Assurance Company, "the provider of the insurance that covers the properties," has "either shown what may be considered criminal negligence or a willful desire to profit from Bayview's contractual breach" and must share the legal responsibility "for all that Plaintiff has suffered." Docket entry #14 at 2. Alexander further alleges that American Financial Group, the parent company of Great American Assurance, failed to perform due diligence necessary to protect its shareholders and the general public from predatory insurance practices.

The Court finds that Alexander's bare, conclusory allegations of wrongdoing on the part of the proposed defendants are insufficient to state a claim for relief and are futile as a matter of law. *See Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999)(providing that permission to file an

---

[1] Initially, Alexander sought to amend his complaint to add Wilson & Associates, PLLC and Angela M. Martin as defendants. Bayview opposes the motion to amend on the ground that the addition of Wilson & Associates, PLLC would destroy diversity of citizenship between the parties and eliminate the basis for federal jurisdiction. However, Alexander has filed a modified proposed amended complaint that withdraws Wilson & Associates, PLLC and Angela M. Martin as proposed defendants.

amended complaint may be denied when the proposed amendment would be futile); *see also In re Senior Cottages of America, LLC*, 482 F.3d 997, 1001 (8th Cir.2007) (when court denies leave to amend on ground of futility, it means court reached legal conclusion that amended complaint could not withstand Rule 12 motion).  Accordingly, the motion to amend will be denied.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's motion to consolidate (docket entry #3) is DENIED.

(2) Plaintiff's motion for alternative dispute resolution (docket entry #4) is DENIED.

(3) Defendant's motion to dismiss (docket entry #5) is DENIED AS MOOT.

(4) Plaintiff's motion to amend (docket entry #11) is DENIED.

IT IS SO ORDERED THIS 9TH DAY OF DECEMBER, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE