**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| DWIGHT ALEXANDER | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV01535 SWW |
| BAYVIEW LOAN SERVICING, LLC | * | |
| | * | |
| Defendant | * | |

**ORDER**

Plaintiff Dwight Alexander ("Alexander") brings this diversity action for breach of contract and unfair business practices against Bayview Loan Servicing, LLC ("Bayview"). Before the Court is Bayview's motion (docket entry #22), requesting reconsideration of the decision to deny Bayview's motion to dismiss, and Alexander's response in opposition (docket entry #23). After careful consideration, and for reasons that follow, the motion for reconsideration is granted. Pursuant to the judgment entered together with this order, this action is dismissed without prejudice.

I.

In June 2003, Alexander executed a mortgage ("the Mortgage") that covers multiple parcels of real property. According to the complaint allegations, in November 2004, one of the mortgaged parcels was donated to the Outreach for Christ Ministries; in November 2005, another

parcel was sold to the Little Rock Municipal Airport; and in December 2005, the Mortgage was assigned to Defendant Bayview. Alexander alleges that Bayview knew about the aforementioned property transfers but nevertheless continued to charge him for insurance related to the transferred property.

Alexander commenced this lawsuit on October 22, 2010, charging Bayview with breach of contract, unfair business practices, and intentional infliction of emotional distress. By way of relief, Alexander seeks return of “all monies collected under the breached contract, a total of . . . $181,551.72,” plus $300,000 in punitive damages.[1] Additionally, Alexander seeks injunctive relief terminating “any further relationship between plaintiff and the defendant” and enjoining Bayview from engaging in any foreclosure proceedings.

Before Alexander commenced this lawsuit, he filed a separate action in state court,

---

[1]In his complaint, Alexander invokes the Court’s jurisdiction based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000, and he titles pleading as one for breach of contract, unfair business practices, and intentional infliction of emotional distress. However, in the body of the complaint, Alexander charges that Bayview’s conduct violated “15 U.S.C. § 1692 et al.” To the extent that Alexander brings a claim pursuant to the Fair Dept Collection Practices Act (FDCPA), codified at 15 U.S.C. § 1692 *et seq*., he fails to state a claim for relief. The FDCPA prohibits debt collectors from using specified methods in efforts to collect a debt from a consumer. “Because not all obligations to pay are considered ‘debts’ under the Act, the definition of ‘debt’ thus serves to limit the scope of the FDCPA.” *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997). The FDCPA defines “debt” as “any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*.” 15 U.S.C. § 1692a(5)(emphasis added). The Court takes judicial notice that Alexander’s complaint filed in state court makes clear that the debt at issue in that case and this case arose from a transaction in which Alexander borrowed money to finance property that he held for the purpose of generating income–not for personal, family, or household purposes. *See* docket entry #5, Exs. A, B.

naming Bayview as a defendant.[2] *See Alexander v. Martin Family Trust*, No. 60CV-10-3995 (Cir. Ct. Pulaski County, Ark. 5th Div.). In state court, as in this case, Alexander complains about Bayview's conduct in servicing the Mortgage,[3] and he pursues relief under the same theories invoked in this case--breach of contract and unfair business practices. Additionally, Alexander's state court pleadings allege that Bayview commenced foreclosure proceedings without giving him proper notice. Contrary to the relief sought in this case, in the state court action, Alexander seeks an injunction requiring Bayview to "reinstate and abide by" the "original agreement" it entered with him. Docket entry #5, Ex. A (Complaint filed July 12, 2010 in *Alexander v. Martin Family Trust*, No. 60CV-10-3995 (Cir. Ct. Pulaski County, Ark. 5th Div.).

III.

Previously, Bayview moved for dismissal, arguing that the Court should refrain from accepting jurisdiction in this case pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 (1976). The Court denied Bayview's motion based on erroneous information that Alexander's complaint filed in state court had been dismissed without

---

[2]The Court takes judicial notice of the state court public records. *See Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003).

[3]Specifically, Alexander alleges that Bayview (1) refused to allow him to sell parcels of the mortgaged property, which would allow him to pay off the mortgage debt, (2) refused to apply insurance payments to reduce the principal due, (3) commenced foreclosure proceedings without giving him proper notice but notified his tenants of the foreclosure, which caused several tenants to withhold rent payments; and (4) reneged on an agreement to work with him until his financial position improved. *See* docket entry #5, Exs. A, B (Complaint and Amended Complaint filed in *Alexander v. Martin Family Trust*, No. 60CV-10-3995 (Cir. Ct. Pulaski County, Ark. 5th Div.).

prejudice. Now before the Court is Bayview's motion for reconsideration, supported by undisputed evidence that the action instituted by Alexander in state court is still pending.

In *Colorado River,* the Supreme Court held that in certain exceptional circumstances, dismissal or stay of a federal action is appropriate based on the presence of a concurrent state proceeding. *Colorado River,* 424 U.S. at 817-18. Unlike the abstention doctrines, which rest mainly on considerations of comity and federalism, the *Colorado River* doctrine exists to promote wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. *See Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc*., 48 F.3d 294, 297 -298 (8th Cir. 1995)(quoting *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (in turn quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S. Ct. 219, 221 (1952)).

Two inquiries guide a determination of whether dismissal or a stay is called for under *Colorado River*. First, "there must be pending parallel state and federal court proceedings before Colorado River is implicated." *Fru-Con Constr. Corp. v. Controlled Air, Inc*., 574 F.3d 527, 535 (8th Cir. 2009). Here, this case is unquestionably parallel with the proceeding currently pending in state court.

Second, several factors should be evaluated to determine whether dismissal or a stay under *Colorado River* is appropriate: (1) whether there is property over which one court has established jurisdiction; (2) whether the federal forum is inconvenient; (3) whether maintaining separate actions may result in piecemeal litigation; (4) whether one case has priority, especially in terms of relative progress; (5) whether state or federal law controls; and (6) whether the state forum is adequate to protect the federal plaintiff's rights. *Federated Rural Elec. Ins. Corp. v.*

*Arkansas Elec. Coops., Inc.,* 48 F.3d 294, 296-97 (8th Cir.1995).

The first factor, whether there is property over which one court has established jurisdiction, weighs heavily in favor of abstention. In both federal and state court, Alexander seeks injunctive relief that would affect rights in real property. Additionally, the injunctive relief he seeks in state court is on a collision course with what he seeks in this case: He asks the state court to force Bayview to "reinstate and abide by" the "original [mortgage] agreement" it entered with him, while asking this court to terminate "any further relationship between plaintiff and the defendant" and enjoin Bayview from engaging in any foreclosure proceedings. The conflicting injunctive relief sought in the parallel actions makes concurrent jurisdiction impossible, and even if Alexander sought the same remedy in both actions, where two suits pending in state and federal courts are such that a court must have control over property in order to grant the relief requested, the court first acquiring jurisdiction has exclusive jurisdiction. *See Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 466, 59 S. Ct. 275, 280 (1939). Here, the state court litigation was well underway when Alexander commenced this action.

The second factor, convenience of the federal forum, does not appear to be a factor as no party has addressed the issue. The third factor, piecemeal litigation, militates in favor of dismissal. Allowing the parallel actions to proceed concurrently could lead to inconsistent judgments, causing uncertainty and confusion regarding the parties' rights and obligations.

Regarding the fourth factor, the state action was filed first and more progress has been made in that case. Bayview filed a motion for summary judgment in the state court proceeding, and a hearing on that motion is set for March 9, 2011. Finally, because state law governs the issues in this case, and there is nothing in the record indicating that Alexander would not receive

a fair hearing in state court, factors five and six weigh in favor of abstention.

III.

The Court concludes that abstention is called for in this case. Additionally, because the Court finds that Alexander's state law claims in this case will be finally and comprehensively resolved in the state court action, the court will dismiss rather than stay this action.

IT IS THEREFORE ORDERED that Defendant's motion for reconsideration (docket entry #22) is GRANTED. Pursuant to the judgment entered together with this order, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 24TH DAY OF FEBRUARY, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE